**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Teena Lynne Murray, | ) | No. CIV 13-235-TUC-LAB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the court is the Commissioner's motion to remand filed on December 16, 2013.  (Doc. 22)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g).  (Doc. 1)  In the pending motion, the Commissioner moves that this court remand the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 22)

The Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636(c) having received the written consent of both parties.  *See* FED.R.CIV.P. 73; (Doc. 10)


Discussion

On April 9, 2013, the plaintiff, Teena Lynne Murray, filed this action for review of the final decision of the Commissioner for Social Security denying her claim to disability insurance

benefits. (Doc. 1)  She filed her opening brief on October 15, 2013. (Doc. 18)  Along with her brief, she submitted additional evidence for the court's consideration.  *Id*.  Apparently, after her claim was denied on February 19, 2010 by Administrative Law Judge (ALJ) Milan Dostal, she filed a subsequent application for disability benefits, which was granted by a different ALJ. (Doc. 18-1)

On December 16, 2013, the Commissioner filed the pending motion to remand the action pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 22)  She concedes the Residual Functional Capacity (RFC) assessment performed by ALJ Dostal was error.  The subsequent hypothetical given by the ALJ to the vocational expert was also error.

The Commissioner moves that this court remand the case to allow the ALJ to take additional evidence, hold another hearing, reevaluate the claimant's RFC, and revisit his decision that Murray can perform past work. (Doc. 22, p. 2)

Murray, however, opposes remand for further administrative proceedings because she thinks the case should be remanded for payment of benefits.  Murray believes the ALJ failed to properly evaluate the opinion of the treating doctors and her own subjective testimony of disability.  (Doc. 26)  If this evidence were credited as true, she argues, the case would be remanded for payment of benefits, not for further proceedings.   Moreover, she argues the additional evidence that she submitted along with her opening brief further supports the opinion of her treating doctors.

In general, if the court finds the decision of the ALJ denying benefits was error, the court may remand for payment of benefits rather than for further proceedings, provided "the record has been developed fully and further administrative proceedings would serve no useful purpose."  *Strauss v. Commissioner of the Social Sec. Admin.*,  635 F.3d 1135, 1138 (9th Cir. 2011).  If, however, "enhancement of the record would be useful," the court may remand for further administrative proceedings.  *Id*.

Here, Murray argues the ALJ erred by discounting the opinion of her treating doctors and her subjective testimony of disability.  Murray supports her argument, however, with evidence that postdates the decision of the ALJ.  This evidence cannot be considered unless the action

is remanded to allow the new evidence to be incorporated into the administrative record.  *See* 42 U.S.C. § 405(g);  *Liaga v. Astrue*,  2009 WL 2355762, 1 (C.D.Cal. 2009)  ("[T]he Court lacks jurisdiction to reverse the Commissioner's decision based on evidence that is not part of the administrative record.").  Accordingly, the court finds that "enhancement of the record would be useful" and therefore "[r]emand for further administrative proceedings is appropriate." *See Strauss,* 635 F.3d at 1138.  Accordingly,

IT IS ORDERED that the Commissioner's motion to remand filed on December 16, 2013 is GRANTED.  (Doc. 22)  The decision of the Commissioner is reversed and the case is remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Appeals Council will remand the matter to an Administrative Law Judge (ALJ) to develop the record further and arrive at a new decision. The Appeals Council will direct the ALJ to:  give Plaintiff an opportunity for a hearing; obtain additional evidence relevant to the period at issue; reevaluate the residual functional capacity; and determine whether Plaintiff can perform her past relevant work.

The Commissioner's reevaluation is limited to the petitioner's claim to disability benefits for the period between July 1, 2006 and February 19, 2010.  The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED this 10th day of June, 2014.

Leslie A. Bowman
United States Magistrate Judge